Filed 4/22/25  P. v. Leung CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOVANI LEUNG,<br><br>    Defendant and Appellant. | D084065<br><br><br>(Super. Ct. No. SCS286789) |

APPEAL from an order of the Superior Court of San Diego County, Garry G. Haehnle, Judge.  Affirmed and remanded with instructions.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

In 2016, Jovani Leung pleaded guilty to the attempted murder of A.B. In 2023, after the enactment of Senate Bill No. 1437 (2017–2018 Reg. Sess.), Leung petitioned to have his attempted murder conviction vacated and to be resentenced under Penal Code section 1170.95 (now § 1172.6).[1] At the prima facie hearing, the trial court found Leung ineligible for relief as a matter of law and denied the petition without issuing an order to show cause.

On appeal, Leung contends we must reverse the denial order because the trial court improperly relied on a codefendant's change of plea form—a document outside Leung's record of conviction—to find him ineligible for relief. Leung claims the error was prejudicial because his record of conviction does not preclude him from being resentenced as a matter of law. We agree with Leung that the court erred by considering the codefendant's change of plea form, but disagree that the error was prejudicial. Instead, we conclude the error was harmless because Leung's admissions on *his own* change of plea form and at *his own* plea colloquy demonstrate his ineligibility for relief.

Therefore, we affirm the order denying the petition for resentencing. However, in light of the Supreme Court's recent decision in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), and at Leung's request, we remand the matter to provide Leung the opportunity to file an amended petition for resentencing, should he choose to do so.

---

[1] Further undesignated statutory references are to the Penal Code.

# BACKGROUND

A. *The Guilty Plea*

In 2016, Leung and codefendant Jeffery Bromfield were involved in a bar fight. Leung and Bromfield left the premises, but they later returned and one of them instructed A.B. to come outside the bar. A.B. walked outside and was shot several times, but he survived the ordeal.

The San Diego County District Attorney, acting on behalf of the People, charged Leung and Bromfield by felony complaint with the attempted murder of A.B. (count 1; §§ 664, 187, subd. (a)). The complaint alleged Leung personally used a firearm (§ 12022.5, subd. (a)), and personally inflicted great bodily injury (§ 12022.7, subd. (a)), in connection with the charge. The complaint did not allege any sentencing enhancements against Bromfield.

Leung pleaded guilty to the attempted murder charge and admitted the firearm and great bodily injury enhancements pursuant to a plea agreement with a stipulated prison sentence of 16 years. For the factual basis of the plea, Leung admitted, "I … unlawfully attempted to murder a human being, personally used a firearm, and personally inflicted great bodily injury."

During the plea colloquy, Leung was sworn in and testified under penalty of perjury. The trial court asked Leung, "You're pleading guilty to Count 1, the attempted murder charge, you're admitting during the course of that attempted murder you personally used a firearm, and you also personally inflicted great bodily injury on a person…. Is that your understanding of what's going on?" Leung responded, "Yeah." Shortly afterwards, the court asked, "What makes you guilty of this is that you unlawfully attempted to murder a human being; during the course of that murder, you personally used a firearm, and personally inflicted great bodily

injury on the victim; is that all true?"  Leung replied, "Yeah."  The court accepted the plea and sentenced Leung to a 16-year prison term.

B. *Senate Bill No. 1437*

In 2018, the Legislature passed Senate Bill No. 1437, which went into effect January 1, 2019.  The Legislature approved the bill to ensure more equitable sentencing for "offenders in accordance with their involvement in homicides." (Stats. 2018, ch. 1015, § 1(b).)  As the bill's uncodified findings and declarations explain, "It is a bedrock principle of the law and of equity that a person should be punished for his or her actions according to his or her own level of individual culpability." (*Id.*, § 1(d).)

"Senate Bill [No.] 1437 altered the substantive law of murder in two areas.  First, with certain exceptions, it narrowed the application of the felony murder rule by adding section 189, subdivision (e) to the Penal Code. (Stats. 2018, ch. 1015, § 3.)  Under that provision, 'A participant in the perpetration or attempted perpetration of a [specified felony] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer.  [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2.' (§ 189, subd. (e).)" (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).)

"Second, Senate Bill [No.] 1437 imposed a new requirement that, except in cases of felony murder, 'a principal in a crime shall act with malice aforethought' to be convicted of murder.  (§ 188, subd. (a)(3).)  'Malice shall not be imputed to a person based solely on his or her participation in a crime.'

4

(*Ibid.*) One effect of this requirement was to eliminate liability for murder as an aider and abettor under the natural and probable consequences doctrine. [Citation.] '[U]nder the natural and probable consequences doctrine, an accomplice is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the "natural and probable consequence" of the crime the accomplice aided and abetted (i.e., the nontarget offense).' " (*Curiel, supra*, 15 Cal.5th at p. 449.) Thus, under our state's murder laws as they existed prior to Senate Bill No. 1437, "a defendant who aided and abetted an intended assault could be liable for murder, if the murder was the natural and probable consequence of the intended assault. [Citation.] The defendant need not have intended the murder or even subjectively appreciated the natural and probable consequences of the intended crime." (*Ibid.*)

"Senate Bill [No.] 1437 also enacted former section 1170.95, which created a procedural mechanism 'for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief' where the two substantive changes described above affect a defendant's conviction." (*Curiel, supra*, 15 Cal.5th at p. 449.) Thereafter, the Legislature enacted Senate Bill No. 775, which ensured "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1(a).) "[F]ormer section 1170.95 was renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.)" (*Curiel*, at p. 449.) Throughout this opinion, we shall refer to this provision as section 1172.6.

Relevant here, a petitioner convicted of "attempted murder under the natural and probable consequences doctrine" initiates the resentencing

process by filing a petition averring that: (1) a charging document "was filed against the petitioner that allowed the prosecution to proceed under a theory of … attempted murder under the natural and probable consequences doctrine," (2) "[t]he petitioner was convicted of … attempted murder … following a trial," and (3) "[t]he petitioner could not presently be convicted of … attempted murder" because of the changes to section 188 or 189 that were implemented by Senate Bill No. 1437. (§ 1172.6, subds. (a)(1)–(3), (b)(1).)

"When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' " (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*), quoting § 1172.6, subd. (c).) The prima facie inquiry is a "limited" one. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) " ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*Ibid*.) Unless the parties waive an evidentiary hearing and stipulate that the petitioner is entitled to the relief sought, the court must then schedule an evidentiary hearing to determine whether to vacate the attempted murder conviction, recall the sentence, and resentence the petitioner on any remaining counts. (§ 1172.6, subds. (c), (d)(1).)

At the prima facie review stage, "a petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis, supra*, 11 Cal.5th at p. 974; see *Strong, supra*, 13 Cal.5th at p. 720 ["factfinding [is] prohibited at the prima facie stage"].) " 'However, if the record [of conviction], including the court's own documents,

6

"contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, at p. 971; see *People v. Nguyen* (2024) 103 Cal.App.5th 668, 677 ["In making the prima facie determination, the court may rely on the record of conviction, including the jury instructions and verdict forms."].) In other words, a court should deny a resentencing petition at the prima facie stage, without issuing an order to show cause, "if the record of conviction conclusively establishes that the petitioner is ineligible for relief as a matter of law." (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211 (*Gaillard*).)

"When the petitioner's conviction resulted from a guilty plea rather than a trial, the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.' " (*Gaillard, supra*, 99 Cal.App.5th at pp. 1211–1212, quoting *People v. Gallardo* (2017) 4 Cal.5th 120, 136; see *People v. Das* (2023) 96 Cal.App.5th 954, 960 ["The trial court ... could consider the record of conviction, including the stated factual basis for defendant's guilty plea, in determining whether defendant made a prima facie case for relief."].) It also includes the petitioner's "express admissions at the plea colloquy." (*People v. Fisher* (2023) 95 Cal.App.5th 1022, 1029.)

C. *The Resentencing Proceedings*

In 2023, Leung filed a petition for resentencing under section 1172.6. On a preprinted form prepared by the Office of the Public Defender, Leung placed checkboxes next to statements averring he met the statutory requirements for resentencing, including statements that he was subject to prosecution and conviction under a now-invalid theory of liability and he could not presently be convicted of attempted murder because of the changes to the state's homicide laws implemented by Senate Bill No. 1437. After

Leung filed his petition, the trial court appointed counsel to represent him in the resentencing proceeding.

The People filed an opposition to the petition for resentencing. According to the People, Leung's record of conviction showed he was the direct perpetrator of the attempted murder and, therefore, he remained guilty notwithstanding Senate Bill No. 1437. In particular, the People emphasized that Leung was the only defendant charged with firearm and great bodily injury enhancements, Leung admitted those enhancements, and, on his change of plea form, he admitted, "I … unlawfully attempted to murder a human being …."

Leung filed a reply in which he argued his record of conviction does not preclude relief. He contended his admissions alone did not preclude relief and, furthermore, he potentially could have been charged as an accomplice under the natural and probable consequences doctrine because he was charged alongside a codefendant who may have been the direct perpetrator.

The trial court held a prima facie hearing to determine whether Leung was entitled to an order to show cause. At the outset of the hearing, the court stated it had reviewed and intended to base its ruling, at least in part, on a change of plea form executed by Leung's codefendant, Bromfield. According to the court, Bromfield admitted to aiding and abetting Leung, the supposed direct perpetrator of the attempted murder of A.B.

Both parties urged the court to refrain from relying on Bromfield's change of plea form because it was not a part of Leung's record of conviction. In response, the court stated, "Well, see, I don't think the Legislature, when they made this law, wanted cases like this, where we have a co-defendant that pled guilty to aiding and abetting this guy, when … there is an accomplice in this case, meant for this case to go any further if we don't need

8

to.  I don't think they want to take up valuable court time when there's evidence out there that a Court can take judicial notice of to support the denial of a prime [sic] facie.  I don't think that's what the Legislature intended in this kind of matter."  Later, the court added, "In this kind of case, it's very clear … what would happen if we go to an evidentiary [hearing] and I then take judicial notice of the co-defendant's change of plea form[.]  Basically a done deal.  I mean, I just don't see that the Legislature intended for us to have these kind[s] of cases proceed when we know what the end result is going to be."  Thereafter, the court denied Leung's petition for resentencing, without issuing an order to show cause, and indicated its denial was based on the parties' "argument[s]" and their "papers."

## III

## DISCUSSION

On appeal, Leung contends the trial court erroneously relied on his codefendant's change of plea form—and engaged in impermissible factfinding in the process—to deny his petition for resentencing.  He claims *his codefendant's* change of plea form is not a part of *his* record of conviction; therefore, the court could not rely on the change of plea form to deny his resentencing petition at the prima facie stage.  In response, the People assert that it is "unclear" whether the court relied on the codefendant's change of plea form, but to the extent the court did so, the People concede error.

Based on our review of the record, we conclude it is reasonably certain the trial court relied on codefendant Bromfield's change of plea form to summarily deny Leung's petition for resentencing.  The court repeatedly referenced the codefendant's change of plea form during the prima facie hearing and—against the expressed wishes of both parties—stated that it could rely on the codefendant's change of plea form at the prima facie stage.

9

The court was mistaken. A codefendant's change of plea form falls outside the scope of what " 'the defendant admitted as the factual basis for [his] guilty plea.' " (*Gaillard, supra*, 99 Cal.App.5th at pp. 1211–1212; see *People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*) ["our opinion in [the codefendant's] appeal is not part of the record of conviction in petitioner's case"].) Thus, by relying on codefendant Bromfield's change of plea form, the court engaged in impermissible factfinding while ruling on Leung's petition.

We now consider whether the error was prejudicial. In making this assessment, we apply the state law prejudice standard derived from *People v. Watson* (1956) 46 Cal.2d 818. (See *People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1239.) Under that standard, the petitioner must " 'demonstrate there is a reasonable probability that in the absence of the error he ... would have obtained a more favorable result.' " (*Lewis, supra*, 11 Cal.5th at p. 974.) In the present context, Leung must show a reasonable probability that, but-for the error, the court would not have summarily denied his petition. (*Ibid.*) Leung cannot make this showing if, for example, his record of conviction necessarily precludes relief as a matter of law.

Both parties agree that a bare admission to the elements of a generic attempted murder charge does not preclude relief under section 1172.6. We concur. (See *People v. Estrada* (2024) 101 Cal.App.5th 328, 338 [plea to attempted murder charge did not preclude relief because it did not "answer the question of whether intent could have been imputed to [petitioner] under the natural and probable consequences doctrine[,] … [admit] any particular type of malice[,] … [or] admit to any specific theory of attempted murder"]; *People v. Williams* (2024) 103 Cal.App.5th 375, 388, disapproved on another point by *Patton, supra*, 17 Cal.5th at p. 606, fn. 8 ["Petitioner's generic plea to attempted murder does not establish he was convicted under any particular

10

theory of attempted murder, let alone a theory that remains valid after the effective date of Senate Bill No. 1437."].) However, "the record may reveal that a defendant admitted *more* than the elements of the offense charged, and such additional admissions may preclude relief under section [1172.6]." (*People v. Rivera* (2021) 62 Cal.App.5th 217, 234; see *Williams,* at pp. 405–406 ["In a case where the petitioner has made pertinent admissions regarding his role [in] the offense, courts have not hesitated to uphold denial of the petition at the prima facie stage."].)

Here, the People contend Leung admitted more than the bare elements of a generic attempted murder charge on his change of plea form and at the plea colloquy. According to the People, Leung admitted he directly perpetrated the attempted murder and, under state law as it existed both before and after the effective date of Senate Bill No. 1437, a defendant may be found guilty of attempted murder as the direct perpetrator only if he or she specifically intends to kill. (See *People v. Lee* (2003) 31 Cal.4th 613, 623 ["Attempted murder requires the specific intent to kill"].) Therefore, the People claim, Leung's admissions negate the resentencing petition's allegation that Leung "could not presently be convicted of … attempted murder" due to the changes to the state homicide laws implemented by Senate Bill No. 1437. (§ 1172.6, subds. (a)(3).) We agree with the People.

As the factual basis of his plea, Leung admitted he was the direct perpetrator of the attempted murder when, using the personal pronoun "I," he stated, "*I* … unlawfully attempted to murder a human being …." (Emphasis added.) Notably, Leung did not admit his guilt as an accomplice to the attempted murder or under the natural and probable consequences doctrine. Leung again admitted his role as the direct perpetrator of the crime during the plea colloquy. Under penalty of perjury, he responded

11

affirmatively when the court asked, "*you* unlawfully attempted to murder a human being … is that … true," and he replied, "Yeah." (Emphasis added.)

These admissions are sufficient to preclude resentencing, but we additionally observe that they are consistent with Leung's related admissions to the sentencing enhancements attached to the attempted murder charge. As noted, Leung alone was alleged to have personally used a firearm and personally inflicted great bodily injury. Leung admitted these allegations on his change of plea form and at the plea colloquy, further corroborating our conclusion that Leung admitted to being the direct perpetrator of the crime.

Leung's admissions foreclose relief by negating the resentencing petition's allegation that Leung "could not presently be convicted of … attempted murder" due to the statutory changes implemented by Senate Bill No. 1437. (§ 1172.6, subds. (a)(3).) Under usual circumstances, we would affirm the summary denial order with no further disposition. However, the Supreme Court recently issued *Patton, supra*, 17 Cal.5th 549, which provided lower courts and litigants alike with newfound clarity on the prima facie showing required of a petitioner where, as here, the petitioner pleaded guilty or no contest to murder or attempted murder charges and the record of conviction shows the petitioner's conviction was under a still-valid theory.

In *Patton*, the petitioner pleaded no contest to attempted murder and admitted a personal and intentional discharge of a firearm enhancement in connection with a shootout at a motel office. (*Patton, supra*, 17 Cal.5th at p. 557.) He later filed a petition for resentencing under section 1172.6 and, in response to this facially sufficient petition, the People argued that testimony from the petitioner's preliminary hearing disclosed that he was the direct perpetrator of the attempted murder. (*Id.* at p. 560.) The petitioner offered no reply. (*Ibid.*) The trial court relied on the unrebutted preliminary hearing

transcript to deny relief at the prima facie review stage, the Court of Appeal affirmed, and the Supreme Court granted review. (*Id.* at p. 570.)

The Supreme Court concluded that a court conducting a prima facie review under section 1172.6 is permitted to rely on "unchallenged, relief-foreclosing facts" from a preliminary hearing transcript to refute "conclusory, checkbox allegations" from a resentencing petition without engaging in impermissible judicial factfinding. (*Patton, supra*, 17 Cal.5th at p. 564.) The court then held, "a section 1172.6 petitioner who, despite having access to counsel upon submission of a facially sufficient petition, offers only conclusory allegations of entitlement to relief, in response to a record of conviction that demonstrates the petitioner's conviction was under a still-valid theory, has not … made a prima facie showing." (*Id.* at p. 565.) Thus, "petitioners confronting a record of conviction that demonstrates relief is unavailable have the burden of coming forward with nonconclusory allegations to alert the prosecution and the court to what issues an evidentiary hearing would entail." (*Id.* at p. 567.) Because the petitioner "offered only conclusory allegations of entitlement to resentencing relief under section 1172.6 in response to a record of conviction that the lower courts viewed as foreclosing" relief, *Patton* held that the trial court did not engage in impermissible factfinding and correctly found that the petitioner had not made a prima facie showing. (*Id.* at p. 569.) However, because the petitioner in *Patton* requested an opportunity "to plead additional facts on remand" in the case of an affirmance, the court, "out of an abundance of caution," ordered "a remand to the superior court with directions for that court to consider an amended petition should [the petitioner], within 30 days of that remand, seek to file one." (*Id.* at pp. 569–570.)

13

Like *Patton*, this case involves a petitioner who pleaded guilty (or no contest) to attempted murder and a record of conviction that demonstrates the petitioner's ineligibility for relief. Under *Patton*, Leung may not rely on his conclusory allegations of entitlement to relief in the face of this record of conviction. However, the Supreme Court issued its *Patton* decision shortly before oral argument took place in the present appeal.[2] Thus, Leung did not have the benefit of *Patton*'s guidance, either at the time he filed his resentencing petition or when he filed his opening brief on appeal. Further, Leung—like the petitioner in *Patton*—has requested an opportunity to file an amended petition should we affirm the denial of his resentencing petition.

Out of an abundance of caution, we shall "order a remand to the superior court with directions for that court to consider an amended petition should [Leung], within 30 days of that remand, seek to file one. [Citation.] We express no opinion on the viability of any additional facts [Leung] might allege." (*Patton, supra*, 17 Cal.5th at pp. 569–570.)

IV

DISPOSITION

The order denying the petition for resentencing is affirmed and the matter is remanded to the superior court with directions to consider an

---

2    The Supreme Court issued *Patton* on March 3, 2025, and oral argument in the present appeal took place on March 19, 2025. After oral argument, we requested supplemental briefing from the parties addressing the impact, if any, of *Patton* on the present appeal. Both parties submitted supplemental briefs in response to our request.

amended petition should Leung, within 30 days of that remand, seek to file one.

McCONNELL, P. J.

WE CONCUR:

IRION, J.

RUBIN, J.

15